IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ICON LASER SOLUTIONS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>ABERCROMBIE & FITCH, CO.,<br><br>   Defendant. | CASE NO. 3:15-cv-3308<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ABERCROMBIE & FITCH, CO.'S BRIEF SUPPORTING ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ................................................................................................................ 2

II. LEGAL STANDARD ........................................................................................................ 4

    A. This case should be disposed of at the pleading stage through Rule 12(b)(6). ................................................................................................................ 4

    B. A claim of direct infringement of a method claim under § 271(a) requires actual performance of its steps. ........................................................... 4

    C. A claim of indirect infringement under § 271(b) or (c) requires knowledge of the patent. ....................................................................................... 5

    D. A claim of infringement under § 271(g) requires notice of the infringement. ....................................................................................................... 6

III. ARGUMENT .................................................................................................................... 6

    A. Icon Laser has not pled sufficient facts to support infringement, and the Complaint should be dismissed. ...................................................................... 6

    B. The Court should dismiss Icon Laser's Complaint because granting leave to amend would be futile. ............................................................................ 8

IV. CONCLUSION ................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
  709 F.3d 1348 (Fed. Cir. 2013) ................................................................................ 5, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................................... 4

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
  No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ..................................... 5, 7, 9

*Celanese Int'l Corp. v. Oxyde Chems., Inc.*,
  554 F. Supp. 2d 725 (S.D. Tex. 2008) ................................................................................ 6

*Cuvillier v. Sullivan*,
  503 F.3d 397 (5th Cir. 2007) ............................................................................................ 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) .......................................................................................................... 5

*Hart v. Bayer Corp.*,
  199 F.3d 239 (5th Cir. 2000) ............................................................................................ 9

*Limelight Networks, Inc. v. Akamai Tech., Inc.*,
  134 S. Ct. 2111 (2014) ...................................................................................................... 5

*Lovelace v. Software Spectrum*,
  78 F.3d 1015 (5th Cir. 1996) ............................................................................................ 4

*The Massachusetts Institute of Tech. v. Abacus Software, Inc.*,
  No. 5:01-cv-344, 2004 WL 5268128 (E.D. Tex. Aug. 24, 2004) ..................................... 6, 7, 9

*Topline Corp. v. Dynasty Footwear, Ltd.*,
  No. C06-1126JLR, 2007 WL 27105 (W.D. Wash. Jan. 2, 2007) ................................... 6, 7, 9

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
  336 F.3d 375 (5th Cir. 2003) ............................................................................................ 9

*Walker Digital, LLC v. Facebook, Inc.*,
  852 F. Supp. 2d 559 (D. Del. 2012) .................................................................................. 5

**Statutes**

35 U.S.C. § 287 ................................................................................................................... 6

35 U.S.C. § 271 ........................................................................................................... *passim*

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ *passim*

Abercrombie respectfully moves for dismissal with prejudice of Icon Laser's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For at least two reasons, Icon Laser does not allege facts showing that Abercrombie has infringed the asserted patent. First, the Complaint does not allege that Abercrombie itself performed any step of the claimed methods to make any products, a condition that is necessary in order for direct infringement of this patent. Instead, the Complaint alleges activity by Abercrombie only *after* these products were "made using" one or more of the patented methods. Second, the Complaint also does not allege that Abercrombie had knowledge of the patent prior to its expiration, a condition that would be necessary for indirect infringement of the patent. The Complaint, therefore, does not state a claim for patent infringement and should be dismissed.

Confronted with these issues, Icon Laser appears to concede that no such infringement (direct or indirect) took place under 35 U.S.C. § 271(a-c). In meet and confer sessions, Icon Laser now seems to have shifted its theory to one of infringement by import, sale, or use of a product made by a patented process under 35 U.S.C. § 271(g). But this Complaint does not allege infringement under § 271(g). Furthermore, Icon Laser could not in good faith amend its Complaint to allege facts that support a claim under § 271(g) because Abercrombie's knowledge of the patent is an essential element of liability under that statute. The Complaint alleges Abercrombie's knowledge based upon the filing of this lawsuit, more than one year after the patent expired. Abercrombie had no notice of the patent prior to its expiration, and a party cannot infringe an expired patent under any circumstances if the alleged acts of infringement occurred after the

patent's expiration. The Complaint therefore does not—because Icon Laser cannot—put forth facts sufficient to support any claim of infringement.

Put simply, Icon Laser wants to blame Abercrombie for alleged infringement by others without Abercrombie's knowledge. It cannot do that. Icon Laser has not pled facts sufficient to support a claim of infringement because (a) the facts as alleged do not establish direct infringement; and (b) Icon Laser has not and cannot allege indirect infringement or infringement under § 271(g) because Abercrombie did not have notice of the patent prior to its expiration. Accordingly, the Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## I.     BACKGROUND

Plaintiff Icon Laser Solutions, LLC filed this lawsuit on October 14, 2015, alleging direct infringement of U.S. Patent No. 5,567,207 (the "'207 Patent"). (Dkt. No. 1.) The '207 Patent is entitled "Method for Marking and Fading Textiles with Lasers," and it "relates to using lasers to simulate conventional laundering techniques, such as stone washing, echo ball washing and acid washing without the use of water or chemicals." '207 Patent at 1:9-11. The '207 Patent issued on October 22, 1996, and it expired on July 31, 2014. *See generally id.* Claims 1 and 27, reprinted below, are the only independent claims in the '207 Patent:

> A method for color fading, dyed textile materials with a laser, comprising the steps of:
> *placing under a laser beam* a dyed textile material; and
> scanning the laser beam generated by the laser with a selected set of parameters to fade the dye of the textile material to replicate a uniformly faded textile or a stone washed, acid washed or acid ball washed textile.

'207 Patent at Claim 1 (emphasis added).

> A method for fading textile materials treated with a dye, comprising the steps of:
> (a) *providing a source of laser radiation*; and,
> (b) irradiating the textile material with a laser beam scanned under preselected parameters for absorption by the dye to uniformly fade said dye.

*Id.* at Claim 27 (emphasis added). As noted by the emphasized text, every claim of the '207 Patent (all of which are method claims) requires the use of a laser. *See id.*

Defendant Abercrombie & Fitch, Co. is a clothing and accessories retailer. It does not own any lasers for use in the manufacture of apparel, nor does it directly use any lasers in the manufacture of apparel. The Complaint acknowledges this fact, because it does not accuse Abercrombie of using lasers to practice any steps of the '207 Patent's claims. When Abercrombie pointed out that it could not directly infringe any claim of the '207 Patent, Icon Laser changed its theory to one of infringement under 35 U.S.C. § 271(g). *See* November 16, 2015 E-mail from Timothy Grochocinski to Neil McNabnay (attached as Ex. A). Icon Laser therefore contends (separate from its Complaint) that Abercrombie infringes the '207 Patent because it imports into the United States, offers to sell, sells, or uses products made by the processes claimed in the '207 Patent. *See* § 271(g). Icon Laser further alleges that Abercrombie "has had knowledge of the existence of the Patent-in-Suit and had knowledge of its infringement . . . at least as early as the date on which it was served with [the] Complaint." (Dkt. No. 1 at 3.) Abercrombie was not served with the Complaint until after October 14, 2015, when Icon Laser filed this lawsuit and more than one year after the '207 Patent expired.

## II. LEGAL STANDARD

### A. This case should be disposed of at the pleading stage through Rule 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (internal citations and quotations omitted). In deciding a Rule 12(b)(6) motion, courts consider documents attached to or incorporated into the complaint as well as facts alleged in the complaint. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996). Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Tenet that allegations are taken as true on a motion to dismiss "is inapplicable to legal conclusions."). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief [as a matter of law], this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (internal citations and quotations omitted).

### B. A claim of direct infringement of a method claim under § 271(a) requires actual performance of its steps.

Direct infringement of a method claim cannot occur unless a defendant actually performs every step of the method. *See Limelight Networks, Inc. v. Akamai Tech., Inc.*, 134 S. Ct. 2111, 2117 (2014); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348,

1353 (Fed. Cir. 2013) ("[D]irect infringement requires a single party to perform every step of a claim method."). Thus, if a defendant does not actually perform every step of a method claim, that defendant cannot be liable for infringing the claim under a theory of direct infringement. *See id.*

### C. A claim of indirect infringement under § 271(b) or (c) requires knowledge of the patent.

Indirect infringement of a method claim requires the purported infringer to know "of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 (2011). "In order to appropriately plead indirect infringement, [the plaintiff] must allege that [the defendant] had knowledge not only of the patent, but of the allegedly infringing nature of the asserted conduct . . . ." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (citing *Global-Tech*, 563 U.S. at 761). Moreover, the alleged infringer must have knowledge of the alleged infringement prior to the asserted patent's expiration. *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616, *1-2 (E.D. Tex. May 15, 2014) (granting Rule 12(b)(6) motion to dismiss because plaintiff failed to plead facts that plausibly established defendants' knowledge of the asserted patent prior to its expiration); *The Massachusetts Institute of Tech. v. Abacus Software, Inc.*, No. 5:01-cv-344, 2004 WL 5268128, *27-30 (E.D. Tex. Aug. 24, 2004) (recommending grant of summary judgment as to indirect infringement claim because defendant had no knowledge of the asserted patent until after its expiration).

**D. A claim of infringement under § 271(g) requires notice of the infringement.**

Under 35 U.S.C. § 271(g), "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer." § 271(g). Any remedy under that statute, however, is limited to the period after an alleged infringer receives notice of infringement:

> No remedies for infringement under section 271(g) shall be available with respect to any product in the possession of, or in transit to, the person subject to liability under such section *before that person had notice of infringement with respect to that product*.

§ 287(b)(2) (emphasis added); *see also Topline Corp. v. Dynasty Footwear, Ltd.*, No. C06-1126JLR, 2007 WL 27105, at *1 (W.D. Wash. Jan. 2, 2007) ("[A] plaintiff must provide notice of infringement before damages are recoverable under section 271(g)."). "Notice of infringement" is defined as "actual knowledge, or receipt by a person of a written notification, or a combination thereof, of information sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States." § 287(b)(5)(A); *see also Celanese Int'l Corp. v. Oxyde Chems., Inc.*, 554 F. Supp. 2d 725, 729 (S.D. Tex. 2008) ("Actual knowledge is sufficient for notice, but notice may not necessarily constitute knowledge.").

**III.   ARGUMENT**

**A.   Icon Laser has not pled sufficient facts to support infringement, and the Complaint should be dismissed.**

Abercrombie respectfully requests that the Court dismiss Icon Laser's Complaint for failure to state a claim upon which relief can be granted. The law is clear that direct

infringement of a process patent requires that a defendant either (1) actually perform every step of the asserted claims, *see Aristocrat Techs.* 709 F.3d at 1353; or (2) have knowledge of the patent and the alleged infringement when it imported, sold, or used a product made via the patented process, *see Topline Corp.*, 2007 WL 27105 at *1. A claim of indirect infringement would similarly require notice of the patent and the alleged infringement before a plaintiff could recover any remedy. *See, e.g.*, *Babbage Holdings*, 2014 WL 2115616 at *1-2; *Abacus Software*, 2004 WL 5268128 at *27-30. Icon Laser's Complaint does not contain facts sufficient to support a claim of infringement under any of these scenarios. Therefore, its Complaint should be dismissed.

First, the Complaint does not allege that Abercrombie performed any steps of the patented method to support direct infringement. It merely parrots the statute by alleging that Abercrombie "makes, has made, uses, has used, offers for sale, has offered for sale, sells, has sold, imports, or has imported systems or products." (Dkt. No. 1, ¶ 9.) Conclusory recitation of the law is not a factual allegation that can support a claim. *Ashcroft*, 556 U.S. at 678. The Complaint further alleges that Abercrombie "makes, uses, sells, or offers for sale products or services by and through its various brands that are made using a method or methods that infringe." (Dkt. No. 1, ¶ 9.) However, this is not an allegation that Abercrombie performed any claimed steps. Rather, it assumes someone other than Abercrombie has practiced the patent. That is not enough to charge Abercrombie with direct infringement. The Complaint thus provides no facts that could support direct infringement by Abercrombie.

Second, the Complaint does not allege that Abercrombie knew of the patent prior to its expiration. It only alleges knowledge as early as the filing of the Complaint, which is more than one year after the patent expired. (*Id.*, ¶ 10.) This knowledge is insufficient, because one cannot infringe an expired patent. The Complaint therefore cannot support a claim for direct infringement by importing, selling, or using a product made via the processes claimed in the '207 Patent or indirect infringement under any scenario. Therefore, because Icon Laser's Complaint does not contain facts sufficient to state a claim for either direct or indirect infringement, the Court should dismiss the Complaint.

### B. The Court should dismiss Icon Laser's Complaint because granting leave to amend would be futile.

This Court should dispose of this case by dismissing Icon Laser's Complaint at this stage of the litigation because leave to amend would be futile. Icon Laser cannot plead, in good faith, allegations of direct infringement based on § 271(g). A court should not grant a plaintiff leave to amend its complaint in the face of a motion to dismiss if "there is no indication [that the plaintiff] will be able to allege the necessary" elements of the plaintiff's claim. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Therefore, a court should not grant leave to amend if "the defect is simply incurable." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

Although Icon Laser has not yet sought leave to amend its Complaint, the Court should not allow it to do so in any event because the defect in Icon Laser's Complaint is incurable. Icon Laser has not alleged that Abercrombie had knowledge of the '207 Patent prior to its expiration because it cannot. A party can only infringe a patent under § 271(g)

"if the importation, offer to sell, sale, or use of the [party's] product *occurs during the term of such process patent*." § 271(g) (emphasis added). Additionally, "a plaintiff must provide notice of infringement before damages are recoverable under section 271(g)." *Topline Corp.*, 2007 WL 27105 at *1. Thus, similar to allegations of indirect infringement, a plaintiff has no remedy under § 271(g) if an alleged infringer did not have knowledge of the patent or the alleged infringement prior to the patent's expiration. *See, e.g.*, *Babbage Holdings,* 2014 WL 2115616 at *1-2 (granting Rule 12(b)(6) motion to dismiss because plaintiff failed to plead facts that plausibly established defendants' knowledge of the asserted patent prior to its expiration); *Abacus Software*, 2004 WL 5268128 at *27-30 (recommending grant of summary judgment as to indirect infringement claim because defendant had no knowledge of the asserted patent until after its expiration).

Icon Laser's Complaint alleges knowledge of the '207 Patent from the filing of the Complaint in October 2015. (Dkt. No. 1. ¶ 10.) The '207 Patent, however, expired in July 2014. Icon Laser has not, and cannot, allege that Abercrombie was even aware of the '207 Patent until after its expiration. As a matter of law, it cannot allege that Abercrombie has infringed the '207 Patent under § 271(g). Therefore, given that Icon Laser has no recourse to allege infringement by Abercrombie of the '207 Patent, the Court should dismiss the Complaint without allowing Icon Laser any opportunity to amend.

IV.   **CONCLUSION**

Icon Laser's Complaint fails to state a claim for infringement. The deficiency cannot be cured because no facts could exist to warrant an amendment. Nor could Icon Laser, in good faith, put forth allegations sufficient to support an alternative theory of

infringement under § 271(g). Leave to amend its Complaint would be futile. Therefore, Abercrombie respectfully requests that the Court dismiss this case with prejudice.

Dated: December 7, 2015

Respectfully submitted,

By: /s/ Neil J. McNabnay
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ABERCROMBIE & FITCH, CO.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 7, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/Ricardo J. Bonilla
Ricardo J. Bonilla