**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ICON LASER SOLUTIONS, LLC,** | |
| Plaintiff, | Civil Action No. 3:15-cv-3308 |
| **v.** | |
| **ABERCROMBIE & FITCH, CO.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT ABERCROMBIE & FITCH, CO.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

For the reasons set forth in Abercrombie & Fitch, Co.'s ("Abercrombie's") Brief in Support of its Motion to Dismiss for Failure to State a Claim, Abercrombie respectfully moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal with prejudice of Icon Laser's First Amended Complaint for failure to state a claim upon which relief can be granted.

In its First Amended Complaint, Icon Laser has added a new theory of infringement by import, sale, or use of a product made by a patented process under 35 U.S.C. § 271(g), alleging that Abercrombie "owns or controls" a foreign entity or entities that practice the patented method. Thus, according to Icon Laser, the safe harbor provision of 35 U.S.C. § 287(b)(2) does not apply. The facts alleged in the First Amended Complaint show only Abercrombie's conscious initiative for *corporate social responsibility* and its concern for *safe working conditions* in the manufacturing of

ABERCROMBIE'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM                                      - PAGE 1

products it purchases from third-party manufacturers. In fact, none of the First Amended Complaint's allegations relate to the claimed methods, let alone demonstrate that Abercrombie causes third parties to perform steps of the claimed method. As a result, such allegations do not, as a matter of law, demonstrate the type of "direction and control" necessary to support a claim under § 271(g) in the absence of notice, and Icon Laser should not be afforded yet another opportunity to correct its deficiencies at Abercrombie's expense.

Accordingly, as the First Amended Complaint does not state a claim for patent infringement, it should be dismissed in its entirety with prejudice and without any further opportunity to amend.

Dated: April 4, 2016            Respectfully submitted,


By:    /s/ Neil J. McNabnay
       Neil J. McNabnay
       njm@fr.com
       Texas Bar No. 24002583
       Ricardo J. Bonilla
       rbonilla@fr.com
       Texas Bar No. 24082704

       FISH & RICHARDSON P.C.
       1717 Main Street, Suite 5000
       Dallas, TX 75201
       (214) 747-5070 (Telephone)
       (214) 747-2091 (Facsimile)

       **ATTORNEYS FOR DEFENDANT
       ABERCROMBIE & FITCH, CO.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 4, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

_/s/Ricardo J. Bonilla_____
Ricardo J. Bonilla

ABERCROMBIE'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM                                        - PAGE 3